UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 06-CV-5930 (JFB) (AKT)
_____

CAROL F. C. PALADINO,

Plaintiff,

VERSUS

JOHN E. POTTER, POSTMASTER GENERAL,

Defendant.
_____

MEMORANDUM AND ORDER
November 29, 2007
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff Carol F. C. Paladino ("Paladino"), is a former letter carrier of the United States Postal Service ("USPS" or "Postal Service"). Paladino brings this action against defendant John E. Potter, Postmaster General, pursuant to Title VII, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"), alleging that she was discriminated against on the basis of sex (female) and disability (pregnancy) when she was terminated from her employment on December 2, 2005, after having been charged with various alleged violations of Postal Service policy. Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. Specifically, defendant argues that plaintiff has failed to timely exhaust her administrative remedies by contacting an Equal Employment Opportunity Counselor regarding the alleged discriminatory conduct within the requisite 45-day period from the discriminatory act. For the reasons that follow, defendant's motion for summary judgment is granted.

I. BACKGROUND

A. The Complaint

Paladino was assigned to the Huntington Station, New York branch of the United States Postal Service as a letter carrier on December 7, 1995, and was employed in that capacity until her termination on December 2, 2005. (Compl. ¶ 9.) In or around August 2003, plaintiff notified her immediate supervisors that she was pregnant. (*Id.* ¶ 15.) Plaintiff claims that, as a result of her pregnancy, her supervisors commenced a pattern of discriminatory conduct designed to harass, intimidate, and humiliate her. (*Id.* ¶ 16.) Plaintiff claims that, immediately upon the

announcement of her pregnancy, her supervisors subjected her to micro-supervision and differential treatment. (*Id.* ¶ 17.)

Plaintiff asserts that, on or about October 1, 2003, she advised her supervisors that as a result of her pregnancy she wished to be transferred to available "inside work." (*Id.* ¶ 32.) Further, plaintiff claims that, upon being transferred to inside work, she was denied full-time shifts, refused alterations to her work reporting times, eavesdropped upon, and subjected to different conditions of employment including being required to report each time she left the floor to use the bathroom and being prevented from using the telephones for personal business. (*Id.* ¶ 22(a), (d), (e), (f), (g).) In March of 2004, plaintiff gave birth. (*Id.* ¶ 23.) Plaintiff returned to work on December 20, 2004. (*Id.* ¶ 26.) Plaintiff claims that thereafter she was subjected to additional discriminatory acts of harassment by her supervisors. (*Id.* ¶ 27.) Plaintiff asserts that she filed complaints with the USPS and the Equal Employment Opportunity Commission ("EEOC") as a result of these acts. (*Id.* ¶ 27.) Plaintiff further claims that, after filing these complaints, she was subjected to "micro-supervision" and was suspended from duty in violation of USPS regulations. (*Id.* ¶ 28.)

B. Facts Pertaining to Exhaustion of Administrative Remedies[1]

On December 2, 2005, plaintiff was terminated from her employment after being charged with various violations of Postal Service policy. (Def.'s 56.1 Statement ¶ 2.) On March 28, 2006, plaintiff initiated EEO counseling by mailing a pre-complaint counseling request to the United States Post Service's EEO office. (*Id.* ¶ 3.) In explaining the delay in filing for pre-complaint counseling, plaintiff states that she immediately reached out to various individuals and departments of the USPS EEO office seeking the appropriate forms. (Paladino Aff. ¶ 3.) Plaintiff claims that she was advised on various occasions that the individuals responsible for such matters in the Long Island region were unavailable for a variety of reasons. (*Id.*) Additionally, plaintiff asserts that she made several attempts to contact the EEO dispute resolution individuals at the USPS by leaving phone messages and requests for forms. (*Id.* ¶ 5.) Plaintiff claims that the forms were not forwarded until early March 2006. (*Id.*)

On July 17, 2006, plaintiff filed a formal complaint with the USPS EEO office alleging that she was discriminated against on the basis of race/national origin (Hispanic), sex (female), and disability (pregnancy), as well as alleging she was retaliated against for prior EEO activity. (Def.'s 56.1 Statement ¶ 4.)

---

[1] Where only one party's 56.1 statement is cited, the other party does not dispute the facts alleged, or there is no evidence controverting such fact. At oral argument, counsel for plaintiff conceded that, for purposes of the summary judgment motion, plaintiff was not contesting any of the undisputed facts set forth in defendant's 56.1 statement.

2

Plaintiff filed this complaint after receiving a series of disciplinary actions, the last of which was given on December 2, 2005, when she was terminated. (*Id.*) On August 4, 2006, the USPS EEO office dismissed the EEO complaint because plaintiff failed to comply with the applicable forty-five (45) day time limit for contacting an EEO counselor after the last alleged discriminatory incident. (Stipulation and Order, Partial Dismissal of Claims, Exh. A.) Further, there was no request for an extension of the time limit. (*Id.*) On November 2, 2006, plaintiff commenced this action by filing a summons and Complaint. (Def.'s 56.1 Statement ¶ 9.) On September 7, 2007, by stipulation of all parties, plaintiff's allegations in the complaint of violations of the Americans with Disabilities Act ("ADA") and New York State Human Rights law ("NYSHRL") were dismissed with prejudice. (Def.'s 56.1 Statement ¶ 11.) The only remaining allegation in this action is plaintiff's claim that, pursuant to Title VII, she was discriminated against on the basis of sex (female) and disability (pregnancy) when plaintiff was terminated from her employment on December 2, 2005 after having been charged with various alleged violations of USPS policy.

B. Procedural History

Plaintiff filed a complaint in this action on November 2, 2006. On September 7, 2007, the parties stipulated that the ADA and NYSHRL claims would be dismissed with prejudice. On September 14, 2007, defendants moved to dismiss, or, in the alternative, for summary judgment on the Title VII claims. Oral argument was held on November 9, 2007. Both parties agreed at oral argument that defendant's motion – which was made under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment – should be treated as one for summary judgment.[2]

II. LEGAL STANDARD FOR SUMMARY JUDGEMENT UNDER RULE 56

The standards for summary judgment are well-settled. Pursuant to Fed. R. Civ. P. 56(c), a court may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006). The moving party bears the burden of showing that he or she is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that summary judgment is

---

[2] As defendant correctly noted, plaintiff failed to comply with Local Civil Rule 7.1 because plaintiff failed to serve and file a memorandum of law setting forth the points and authorities relied upon by plaintiff in opposition to defendant's motion. However, because defendant has not been prejudiced by the plaintiff's failure to file a memorandum of law in opposition, the Court will overlook this failure to comply with the Local Rule and fully consider the opposition to the motion on the merits.

3

unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial.*" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. at 249-50 (internal citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties" will not defeat a properly supported motion for summary judgment. *Id.* at 247. Thus, the nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984). Accordingly, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (internal quotations omitted).

III. EMPLOYMENT DISCRIMINATION CLAIMS AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff claims that she was discriminated against in violation of Title VII for unequal terms and conditions of employment at the USPS, and in the termination of her employment with the USPS. Defendant argues that plaintiff's claims must be dismissed because plaintiff failed to timely exhaust her administrative remedies and has failed to demonstrate a basis for equitable tolling. As set forth below, the Court agrees and grants summary judgment in favor of defendant.

Title VII requires that an employment discrimination claimant pursue administrative procedures before commencing a lawsuit and imposes a deadline for the initiation of such procedures. *See generally* 42 U.S.C. § 2000e-16; *Briones v. Runyon*, 101 F.3d 287, 289-90 (2d Cir. 1996). Under EEOC regulations, an aggrieved agency employee who believes she has been discriminated against must consult with a counselor at the agency's EEO office within 45 days of the alleged discriminatory act.[3] *See* 42 U.S.C. § 2000e-16; 29 C.F.R. § 1614.105(a)(1)(2007); *Fitzgerald v. Henderson,* 251 F.3d 345, 358-59 (2d Cir. 2001); *Pauling v. Sec'y of the Dep't of Interior,* 160 F.3d 133, 133-34 (2d Cir. 1998). The 45-day period serves as a statute of limitations; thus, as a general rule, claims alleging conduct that occurred more than 45 days prior to the employee's initiation

---

[3] If the matter is not resolved after a mandatory counseling period, the employee may then file a formal written administrative complaint with the EEOC within 15 days of the EEO counselor's final interview with the employee. 29 C.F.R. §§ 1614.105(d), 1614.106(a), (b). The employee may then file a civil action (a) within 90 days of notice of a final agency decision on her EEO complaint, or (b) after 180 days from the filing of the EEO complaint if the agency has not yet rendered a decision. *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. §§ 1614.408(a), (b).

4

of administrative review are time-barred.[4] *See, e.g.*, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Downey v. Runyon*, 160 F.3d 139, 145-46 (2d Cir. 1998).

In the instant case, plaintiff's complaint identifies December 2, 2005 (the date of the Notice of Removal) as the last occurrence of discriminatory conduct. (Compl. ¶ 29.) It is undisputed that plaintiff did not seek EEO counseling for her claims until March 28, 2006, more than 45 days after she alleges she was discriminated against. (Def.'s 56.1 Statement at ¶ 7.) Therefore, plaintiff clearly did not consult with an EEO counselor within forty-five days of the alleged discriminatory act.

However, failure to exhaust is not jurisdictional. *See Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) ("[A]s a general matter, the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement.") (quotations and citations omitted); *see also Zipes*, 455 U.S. at 393 ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). Thus, this Court must consider whether there are any grounds for equitable tolling. In particular, the 45-day requirement may be tolled:

> [w]hen the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2); *see also Boos*, 201 F.3d at 184 (holding 45-day requirement subject to equitable tolling); *Briones,* 101 F.3d at 290 (same).

"Tolling of the time limit is granted when 'rare and exceptional circumstances' prevented a plaintiff from filing on time." *Williams v. Potter,* No. 06 Civ. 8258 (LAP), 2007 WL 2375818, at *5 (S.D.N.Y. Aug. 14, 2007) (quoting *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir. 2000)). When determining whether equitable tolling is applicable, a district court must consider "whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period [she] seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v.*

---

[4] Although plaintiff failed to allege a disability discrimination claim under the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*, any such claim would also be subject to the same timing requirements with regard to exhaustion of administrative remedies and, thus, would also fail for the reasons discussed *infra*. *See Boos v. Runyon,* 201 F.3d 178, 181 (2d Cir. 2000) ("EEOC regulations require an employee suing the federal government under the Rehabilitation Act to exhaust certain administrative remedies before initiating a suit in district court. Thus, an aggrieved agency must first seek EEO counseling within forty-five days of the allegedly discriminatory act.") (citing 29 C.F.R. § 1614.105(a)(1)).

5

*N.Y. City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)); *see also South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994) (noting that the principles of equitable tolling do not extend to what "is at best a garden variety claim of excusable neglect") (citation and quotation marks omitted). The doctrine is "highly case-specific," and the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos*, 201 F.3d at 184-85; *see also Smith v. Chase Manhattan Bank*, No. 97 Civ. 4507 (LMM), 1998 WL 642930, at *3 (S.D.N.Y. Sept. 18, 1998) ("[A] court must consider the equities of the excuse offered to explain the delay and may extend the limitations period if warranted.").

Courts have held that only in a limited number of cases do extraordinary circumstances exist. Such cases include where the plaintiff has a mental or physical disability. *See, e.g. Tsai v. Rockefeller Univ.*, 137 F. Supp. 2d 276, 281-83 (S.D.N.Y. 2001); *Lloret v. Lockwood Greene Engineers, Inc.*, No. 97 Civ. 5750 (SS), 1998 WL 142326, at *2-*4 (S.D.N.Y. Mar. 27, 1998). In circumstances far more extreme than those in the present case, courts have held that extraordinary circumstances did not exist. *See Ferrer v. Potter,* No. 03 Civ. 9113 (AJP), 2005 WL 1022439, at *8 (S.D.N.Y. May 3, 2005) (holding father's death insufficient reason for equitable tolling); *Jenkins v. Potter*, 271 F. Supp. 2d 557, 564 (S.D.N.Y. 2003) (holding union representative's "wife's terminal illness" not sufficiently "extraordinary" circumstance to justify equitable tolling); *Moore v. Potter*, 217 F. Supp. 2d 364, 373 (E.D.N.Y. 2002) ("Equitable tolling is not available when it is the fault of the claimant for failing to exercise due diligence in meeting the filing deadlines."); *Chalom v. Perkins*, No. 97 Civ. 9505 (LAP), 1998 WL 851610, at *5-*6 (S.D.N.Y. Dec. 9, 1998) ("Even if [plaintiff] did offer proof of the mental grief she alludes to, it would not reach the high standard that this circuit has applied.") (citing cases); *Brundin v. United States*, No. 95 Civ. 2689 (WK), 1996 WL 22370, at *5 (S.D.N.Y. Jan. 19, 1996) ("Although the plaintiff does supply an excuse for the delay--the unexpected death of her father--this reason alone does not warrant equitable tolling").

Plaintiff has not satisfied her burden of demonstrating that she was prevented in some extraordinary way from exercising her rights. Plaintiff states that she "made several attempts to contact the EEO dispute resolution individuals at the US Postal Service by leaving several messages by phone and requests were made for forms. The forms in question [sic] were not forwarded to the plaintiff until early March 2006." (Paladino Aff. ¶ 5.) More specifically, plaintiff states that she commenced these attempts "almost immediately upon her termination." (Paladino Aff. ¶ 2.) Thus, plaintiff argues that the time period should be tolled because she was unable to get in contact with the USPS EEO office and that she was unable to obtain the appropriate forms for implementing the USPS EEO pre-complaint counseling process. (Paladino Aff. ¶¶ 3, 4, 5.)

As a threshold matter, plaintiff's claim in her affidavit that she was not forwarded the pre-complaint counseling forms until March of 2006 is flatly contradicted by the fact that the pre-complaint form – *signed by plaintiff* – was dated February 14, 2006. (Declaration of

6

Mitchell Sturman, Exh. A.) At oral argument, plaintiff's counsel had no explanation for this material discrepancy. Moreover, plaintiff's sole conclusory statement that she left several messages at the USPS EEO office and did not receive a timely response is an insufficient basis to warrant equitable tolling. *See Tyler v. Runyon,* 70 F.3d 458, 465 n.8 (7th Cir. 1995) ("Although [plaintiff] stated that he made a number of attempts to contact an EEO counselor in a timely manner, there is no evidence as to the dates or times of the alleged phone calls, such as messages he left or any record of the calls. . . . The plaintiff was not a novice and had prior experience with filing EEO complaints, and was thus well aware of the administrative requirements, including, but not limited to, the thirty day time limit to contact an EEO counselor."); *see also Sachs v. Nicholson,* No. 06-15366, 2007 WL 158584, at *1 (11th Cir. June 4, 2007) (unpublished opinion) (rejecting equitable tolling argument where plaintiff stated "without any corroboration, that she attempted to contact an EEO counselor but was unable to do so"); *Hardman v. Runyon,* No. 98-2667, 1998 WL 846850, at *2 (7th Cir. Nov. 24, 1998) (unpublished opinion) (rejecting argument that plaintiff "made numerous attempts to contact an EEO Counselor and was never able to get past a recorded message" because "[plaintiff] had means to contact an EEO Counselor other than by phone.")

In any event, even assuming *arguendo* that the failure to supply forms or to return telephone calls could warrant equitable tolling under certain extreme circumstances, such circumstances are clearly not presented here. Plaintiff was familiar with the EEO process, having filed an EEO claim in April 2004 and an employment discrimination action against the Postal Service in this Court in January 2005, both of which were ultimately dismissed. (Def's 56.1 Statement ¶ 5.) Moreover, as conceded at oral argument, plaintiff was again represented and assisted by counsel at some point following her termination (and at least as of February 14, 2006). In addition, although she clearly executed the Pre-Complaint Counseling Form on February 14, 2006, she still did not contact the EEO Counselor or send the form to the EEO office until March 28, 2006. Thus, plaintiff has clearly failed to demonstrate that she acted with reasonable diligence during the time period she seeks to have tolled, and has failed to prove that the circumstances are so extraordinary that the doctrine should apply.

Plaintiff's other conclusory contention – that the subsequent grievance process and EEO review of her December 2, 2005 removal somehow extended the 45-day requirement – is similarly misplaced. As the Supreme Court has stated, the "pendency of a grievance, or some other method of collateral review of an employment decision does not toll the running of the limitations period." *Del. State Coll. v. Ricks,* 449 U.S. 250, 261 (1980). Therefore, plaintiff's 45-day period began to run on December 2, 2005, and her participation in the union grievance process would not toll this period, regardless of whether she was kept on the USPS payroll under the collective bargaining agreement. *See Carter v. Dep't of Veteran Affairs,* No. 06-20494, 2007 WL 1017064, at *3 (5th Cir. Mar. 29, 2007) (unpublished opinion) (refusing to toll 45-day period where plaintiff was "informally attempting to resolve issues with management during this time period" and noting that "[a]lthough any informal attempt at resolution is commendable, the regulations provide no exception to the limitations period"); *Williamson v. Ind. Univ.,* 345 F.3d 459, 463

(7th Cir. 2003) ("[A]n employee cannot toll the limitations period by pursuing grievance proceedings" directly with the employer.); *Lever v. Northwestern Univ.*, 979 F.2d 552, 556 (7th Cir. 1992) ("Excessive kindness in providing many and varied opportunities for internal review is not the sort of deception that supports equitable estoppel."); *see also Ricks*, 449 U.S. at 257 ("[C]ontinuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination."); *Lucas v. Chicago Transit Auth.*, 367 F.3d 714, 723 (7th Cir. 2004) ("As we have explained, 'an employer's refusal to undo a discriminatory decision is not a fresh act of discrimination.'") (citation omitted).

In sum, it is undisputed that plaintiff initiated contact with the EEO counselor on March 28, 2006, which is 116 days after the latest alleged discriminatory act on December 2, 2005 and, thus, she failed to timely exhaust her administrative remedies within the requisite 45-day period. Moreover, she has failed to set forth a sufficient basis for equitable tolling. Accordingly, her claims must be dismissed.

IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED. Plaintiff's claims are dismissed. The Clerk of the Court shall enter judgment in favor of defendant and close this case.

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated: November 29, 2007
Central Islip, NY

\* \* \*

The attorney for plaintiff Carol F. C. Paladino is Reynold A. Mauro, Esq., 353 Veterans Memorial Highway, Commack, New York, 11725. The attorney for defendant John E. Potter is Robert B. Kambic, Esq., Assistant U.S. Attorney, Eastern District of New York, 610 Federal Plaza, 5th Fl. Central Islip, New York, 11722-4454.